
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAYME GORDON<br><br>Defendant | Crim. No. 15-CR-10390-PBS |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases. The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented in the case.

                                                        Respectfully submitted,

                                                        CARMEN M. ORTIZ
                                                        United States Attorney

                                   By:    */s/ Adam Bookbinder*
                                                        Amy Harman Burkart
                                                        Adam Bookbinder
                                                        Assistant U.S. Attorneys
                                                        U.S. Attorney's Office

CERTIFICATE OF SERVICE

     I hereby certify I served a copy of this pleading by electronic filing on counsel for the defendants.

Dated: October 7, 2016                                  */s/ Adam Bookbinder*

# INDEX

| **Proposed Instruction** | **Page** |
| --- | --- |
| 1.   Wire Fraud Elements | 3 |
| 2.   Wire Fraud Definitions | 4 |
| 3.   Perjury | 6 |
| 4.   Consciousness of Guilt | 7 |

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**
**18 U.S.C. §1343**
**Wire Fraud**

In Counts One through Four of the Indictment, the defendant is charged with committing wire fraud. The elements of wire fraud are:

*First,* a scheme, substantially as charged in the Indictment, to defraud or obtain money or property by means of false or fraudulent pretenses;

*Second*, the scheme involved a false statement, assertion, half-truth, or knowing concealment about material facts;

*Third*, the defendant's knowing and willful participation in this scheme with the intent to defraud; and

*Fourth*, the use of interstate wire communications, on or about the date alleged, in furtherance of this scheme.

First Circuit Pattern Jury Instructions (Criminal), No. 4.18.1343 (2016).  Neder v. United States 527 U.S. 1, 25 (1999).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**
**18 U.S.C. §1343**
**Wire Fraud Definitions**

"Interstate wire communications" include communications made by telephone or e-mail from one state to another.

A scheme includes any plan, pattern or course of action. The term "defraud" means to deceive another in order to obtain money or property by misrepresenting or concealing a material fact.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact is one that has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to whom it was addressed.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if the defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purposes of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire communications in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the Indictment; and that the use of the wire communications facilities in interstate commerce on or about the date alleged was closely related to the scheme because the defendant either made or caused an interstate e-mail to be sent in an attempt to execute or carry out the scheme. To "cause" an interstate e-mail to be sent is to do an act with knowledge that an interstate e-mail will follow in the ordinary course of business or where such an e-mail can reasonably be foreseen.

First Circuit Pattern Jury Instructions (Criminal), No. 4.18.1343 (2016); *see also United States v. Martin*, 228 F.3d 1, 16 (1st Cir. 2000) (affirming wire fraud conviction based on e-mails); *United States v. Sanchez*, 502 F. App'x 375, 380 (5th Cir. 2012) (interstate e-mails satisfy the interstate wire element of 18 U.S.C. 1343); *United States v. Dowie*, 411 F. App'x 21, 25 (9th Cir. 2010) (same).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
## 18 U.S.C. § 1623
## Perjury

In counts five through seven of the Indictment, the defendant is charged with making a false declaration in his deposition testimony. For you to find him guilty of this crime, you must find that the government has proven each of the following elements beyond a reasonable doubt:

*First*, that the defendant was under oath as a witness at a deposition that was part of a case before the District Court for the District of Massachusetts;

*Second*, that the defendant made a false declaration that was material to the case before this Court; and

*Third*, that at the time the defendant made the false declaration, he knew the declaration was false.

A declaration is "false" if it is untrue when made.

A declaration is "material" to the case if it is capable of affecting or influencing the Court's or the jury's inquiry or decision. It is not necessary for the government to prove that anyone was, in fact, misled or influenced in any way by the false declaration.

First Circuit Pattern Jury Instructions (Criminal), No. 4.18.1623 (2016); *Quiles-Hernandez v. United States*, 1991 U.S. App. LEXIS 7322 at *10 n.7 (1st Cir. Mar. 29, 1991) (deposition is a "proceeding . . . ancillary to any court . . . of the United States" for purposes of the perjury statute); *Dunn v. United States*, 442 U.S. 100, 113 (1979) ("We cannot

conclude here that Congress in fact intended . . . that § 1623 should encompass statements made in contexts *less formal* than a deposition") (emphasis added); *United States v. Kross*, 14 F.3d 751, 754 (2d Cir. 1994) (applying § 1623 to false statement at civil deposition); *United States v. McAfee*, 8 F.3d 1010, 1014 (5th Cir. 1993) (same); *United States v. Scott*, 682 F.2d 695, 698 (8th Cir. 1982) (same).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### Consciousness of Guilt

You have heard some evidence of what the government asserts are efforts to conceal information that the government contends show that the crimes charged in this case occurred and that the defendant who allegedly acted to conceal information knew that he had committed those crimes.

You should decide whether the defendant did something to conceal information.

If so, you should decide whether any action to conceal is evidence of a consciousness of guilt concerning any or all of the crimes charged in this case. Feelings of guilt may exist in innocent people, and facts of concealment do not necessarily reflect actual guilt of particular crimes. In your consideration of the evidence of the alleged acts of concealment, you should consider that there may be reasons for a person's actions that are fully consistent with innocence of the crimes charged in this case.

It is up to you to decide if there is proof of acts of concealment and, if so, whether they show a consciousness of guilt concerning the crimes charged here. If these facts are proven, you must decide what weight or significance to give them.

Adapted from Jury Instructions in <u>United States v. Salvatore DiMasi</u>, Cr. No. 0910166-MLW; First Circuit Pattern Jury Instructions (Criminal), No. 2.10 (2016).